UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD G. OLLIVIER,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS PROUDY, et al.,<br><br>    Defendants. | No. 2:25-cv-02028 DC SCR P<br><br>FINDINGS AND RECOMMENDATION |

    Plaintiff, who was formerly incarcerated in county jail, is proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed a complaint and motion to proceed in forma pauperis on July 21, 2025. (ECF Nos. 1, 2.) The complaint appears to challenge actions of the Superior Court Judge, District Attorney, Deputy District Attorney, and Public Defender during plaintiff's state criminal proceedings. (See ECF No. 1 at 3.)

    On August 4, 2025, the undersigned notified plaintiff that his in forma pauperis application was incomplete and granted him thirty days to file a completed application. (ECF No. 4.) After plaintiff did not resubmit an in forma pauperis application,[1] the undersigned issued an order to show cause on September 10, 2025. (ECF No. 10.) The order advised plaintiff that a

---

[1] In that time, plaintiff did file what appeared to be missing pages of his complaint that the court docketed as supplements. (ECF Nos. 5, 7.) Plaintiff also filed correspondence with an attorney regarding a $200 deposit into his commissary account. (ECF No. 6.)

1

failure to respond within 21 days would result in the recommendation that the action be dismissed for failure to pay the filing fee and comply with a court order.

More than 21 days have passed, and plaintiff has not responded to the order to show cause. Accordingly, the undersigned recommends that the action be dismissed for failure to pay the filing fees and failure to comply with a court order. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (affirming dismissal for failure to pay partial filing fee under IFP statute); Local Rule 110 (failure to comply with court orders). In recommending this action be dismissed, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). Dismissal is appropriate here where the undersigned granted plaintiff multiple extensions of time to file a completed in forma pauperis application and warned plaintiff that his failure to do so will result in the recommendation that the action be dismissed.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the action be dismissed without prejudice for failure to pay the filing fees and for failure to comply with a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2